Thomas P. Farley, J.
Motion to dismiss the complaint in an action for libel is granted. Plaintiff, the president of T. V. Development Corp. which was adjudicated a bankrupt, in his complaint alleges that defendant sent a letter containing libelous remarks to the Referee in Bankruptcy and copies thereof to the trustee and the trustee’s accountant during the pendency of the bankruptcy proceeding. In substance, the letter complains of the inactivity of the trustee and his accountant in the proceedings, charges that plaintiff diverted corporate assets, stole corporate opportunities belonging to the bankrupt, and requests referral of the matter to the Federal Bureau of Investigation.
In Seltzer v. Fields (20 A D 2d 60), where the plaintiff, as here, was not a direct party to the proceeding, the court stated that “ If the alleged defamations ‘ may possibly be pertinent ’ *830 they are privileged ” (p. 62), and gave its approval to the rule that all doubt should be resolved in favor of the relevancy and pertinency of the libelous publication.
The statements contained in the letter are undeniably pertinent to the bankruptcy proceeding within the principles enunciated in the Seltzer case as they constitute an attempt by a creditor to encourage a more diligent effort at marshalling the debtor’s assets. It is conceded that a bankruptcy is a judicial proceeding and therefore, the remarks, if libelous, were „ absolutely privileged. The fact that the statements were included in the letter does not warrant a contrary holding (State-Wide Ins. Co. v. Glavin, 18 A D 2d 629). The complaint in this case, furthermore, does not contain any factual allegation demonstrating the irrelevancy of the remarks, as is required when the alleged defamatory words are published in a judicial proceeding (Lichter v. Zolotorofe, 15 A D 2d 552).
The plaintiff urges that the claim of privilege must be pleaded and proven. That contention may be correct as to the defense of qualified privilege; but, as stated in Duffy v. Kipers (26 A D 2d 127, 129): “ absolute privilege may be discerned from the facts alleged in the complaint itself”. When the complaint shows on its face that the defense of privilege could not be overcome if interposed as a defense, the complaint is dismiss-able without any necessity for interposing an answer pleading the defense (Feldman v. Bernham, 6 A D 2d 498, 500, affd. 7 N Y 2d 772).